UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RALPH STEGALL,

          Petitioner,

v.

LLOYD RAPELJE,

          Respondent.

_____/

Case No. 12-cv-12415

HONORABLE ARTHUR J. TARNOW

## OPINION AND ORDER STAYING HABEAS ACTION AND DIRECTING THE CLERK OF THE COURT TO ADMINISTRATIVELY CLOSE CASE

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Ralph Stegall, a Michigan prisoner presently confined in the Saginaw Correctional Facility, Freeland, Michigan, challenges his jury trial convictions for criminal sexual conduct, first degree (CSC-1st), and felony firearm. Petitioner was sentenced on January 9, 2009 to 27 to 40 years imprisonment for the CSC-1st conviction, consecutive to two years imprisonment for the felony firearm conviction.

Petitioner filed a direct appeal with the Michigan Court of Appeals. Petitioner's appeal raised claims of prosecutorial misconduct and erroneous admission of evidence of Petitioner's previous assaults. The Michigan Court of Appeals denied relief in an unpublished, *per curiam* opinion. *People v. Stegall*, No. 290029 (Mich. App. May 18, 2010).

Petitioner did not file a timely application for leave to appeal with the Michigan Supreme Court. Letters attached to the petition indicated that Petitioner's court-appointed appellate attorney missed the July 20, 2010 deadline for filing an application for leave to

appeal.  On August 26, 2011, Petitioner attempted to file a *pro se* application for leave to appeal with the Michigan Supreme Court, but the Clerk of the Court deemed the papers untimely and returned them unfiled.

At some point, Petitioner filed a motion for relief from judgment with the trial court, pursuant to Michigan Court Rules 6.500 *et seq.*  Petitioner's motion seeks relief from judgment on the grounds that he was denied his right to appeal, the right to effective assistance of trial counsel, and his right to confront his accuser.  Petitioner's motion for relief from judgment is still pending with the state court.

Petitioner filed his federal petition on June 4, 2012.  Petitioner has included in the petition a request to hold the petition in abeyance until Petitioner has exhausted his state remedies with regard to the claims raised in his motion for relief from judgment.

## I. ANALYSIS

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies.  28 U.S.C. § 2254(b)(1).  Exhaustion requires the prisoner to give the state courts a full fair opportunity to resolve any federal constitutional issues "by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

In this case, Petitioner states affirmatively that he has not exhausted state remedies with regard to claims of denial of the right to appeal, the right to effective assistance of counsel, and the right of confrontation.  A prisoner who has not yet exhausted his or her state court

remedies may file a "'protective' petition in federal court and ask[] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (*citing Rhines v. Weber*, 544 U.S. 269, 278 (2005)). Where a petitioner has good cause for failing to exhaust, his unexhausted claims are potentially meritorious, and there is no indication of dilatory tactics, the district court should generally stay, rather than dismiss, a mixed petition. *Pace*, 544 U.S. at 417 (*citing Rhines*, 544 U.S. at 278). A petitioner's "reasonable confusion about whether a state filing would be timely would ordinarily constitute 'good cause' for him to file in federal court." *Id.* (citing *Rhines,* 544 U.S. at 278).

Petitioner filed the present petition, while simultaneously requesting the Court to hold the petition in abeyance, to avoid the consequences of the one-year statute of limitations applicable to federal habeas petitions. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year time limit for a state prisoner to file a federal habeas corpus action. *Jimenez v. Quarterman*, 555 U.S. 113, 114 (2009); 28 U.S.C. § 2244(d)(1). The time limit runs from the latest of four periods, usually from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Under this provision, the one-year time period begins to run when the time for filing a petition for writ of certiorari with the United States Supreme Court expires, when, as here, the prisoner does not file a petition for writ of certiorari. *Jimenez*, 555 U.S. at 119.

Petitioner asserts that he has already filed with the trial court a motion for post-conviction relief. The AEDPA statute of limitations is tolled during the period any "properly filed" motion for post-judgment relief is pending in state court. *See* 28 U.S.C. § 2244(d)(2) ("[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection"). If, however, a state post-conviction motion is not properly filed in accordance with state law, the pendency of the motion does not trigger statutory tolling. *See Pace*, 544 U.S. at 417 (untimely state post-conviction petition not "properly filed," does not toll statute of limitations). So, while a properly filed motion for relief from judgment tolls the limitations period, the Court cannot at this point determine whether the state court will determine that Petitioner's motion was properly filed. Even if the motion is ultimately determined to have been properly filed, the Court cannot determine at this time what, if any, time remains of the one-year limitation period.

Under these circumstances, a stay is appropriate. Petitioner potentially has good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that he has engaged in intentionally dilatory litigation tactics. The statute of limitations for federal habeas may be in danger of running out. Under such circumstances, a stay is appropriate. *See Rhines*, 544 U.S. at 278 ("it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good

cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics").

The Supreme Court in *Rhines* cautioned, however, that a district court's discretion in structuring the stay is limited by the timeliness concerns in AEDPA and that a petition should not be stayed indefinitely. *Rhines*, 544 U.S. at 277. A stay should instead be explicitly conditioned on the prisoner's pursuing state remedies within a certain time period after the stay is entered and returning to federal court within a similarly brief period. *Id.* at 278. The Court will therefore impose a stay conditioned on Petitioner's filing a motion for post-conviction relief with the appropriate state court within 60 days of the date of this order, if he has not filed such a motion already, and returning to this court within 60 days of the date state court exhaustion is completed. *See Palmer v. Carlton,* 276 F.3d 777, 781 (6th Cir. 2002) (approving similar conditions on stay). If the conditions of the stay are not met, "the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed. *Palmer*, 276 F.3d at 781 (internal quotation omitted).

## II. CONCLUSION

Accordingly,

IT IS ORDERED that this action is STAYED.

IT IS FURTHER ORDERED that Petitioner may filed a post-conviction motion for relief from judgment with the appropriate state court within sixty (60) days of the date of this order, if Petitioner has not already filed such a motion.

5

IT IS FURTHER ORDERED that this case shall be HELD IN ABEYANCE pending Petitioner's exhaustion of his state court remedies, provided that Petitioner files his post-conviction motion either prior to or within sixty (60) days of the date of this order, and further provided that he returns to this Court within sixty (60) days of exhausting his state court remedies and files, in the above-captioned case, a (1) motion to lift the stay, and (2) an amended petition adding the exhausted claims.

IT IS FURTHER ORDERED that the Clerk of the Court CLOSE this case for statistical purposes only. Upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court will order the Clerk to reopen this case for statistical purposes.


s/Arthur J. Tarnow
ARTHUR J. TARNOW
United States District Judge

Dated: September 12, 2012

---

## CERTIFICATE OF SERVICE

I hereby certify on September 12, 2012 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on September 12, 2012: **Ralph Stegall.**

s/Michael E. Lang
Deputy Clerk to
District Judge Arthur J. Tarnow
(313) 234-5182