UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RALPH STEGALL,

       Petitioner,                       Case No. 12-cv-12415

v.                                    HONORABLE ARTHUR J. TARNOW

LLOYD RAPELJE,

       Respondent.

_____/

**OPINION AND ORDER DENYING**
**MOTION TO CONSOLIDATE DOCKETS ON APPEAL [Dkt. 6]**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. The case is currently stayed pending exhaustion of state court remedies with regard to some of Petitioner's habeas claims. This matter comes before the Court on Petitioner's motion to consolidate appeals. For the reasons stated below, Petitioner's motion will be denied.

Ralph Stegall, a Michigan prisoner presently confined in the Saginaw Correctional Facility, Freeland, Michigan, filed a petition for writ of habeas corpus challenging his jury trial convictions for first degree criminal sexual conduct and felony firearm. The Court held the petition in abeyance while Petitioner exhausted his state remedies with regard to certain habeas claims through a motion for relief from judgment filed with the state court. This case is currently stayed while Petitioner's motion for relief from judgment is being adjudicated by the state courts.

Petitioner has now filed a "Motion to Consolidate Dockets on Appeal." A review of this Court's docket, however, shows that there is no appeal pending in Petitioner's federal petition, and the case remains stayed. As Petitioner has not filed an appeal from an order of this Court, Petitioner's motion to consolidate dockets on appeal will be denied as moot.

To the extent that the Court construes Petitioner's motion as seeking consolidation with another habeas action Petitioner has pending in this district, that motion would also be denied. A review of

this Court's docket shows that Petitioner has another habeas case pending before Judge Goldsmith of the Eastern District of Michigan, which is also stayed pending exhaustion. *See Stegall v. Rapelje*, No. 10-14201 (E. D. Mich. May 27, 2011) (order adopting report and recommendation). A district court has broad discretion pursuant to Fed. R. Civ. P. 42 to consolidate different cases filed within the same district if consolidation would advance judicial convenience or economy and would not confuse the issues or prejudice the parties. *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1010-11 (6th Cir 1993). Petitioner's other habeas action challenges a different judgment of conviction than does this action. Therefore, consolidation would not advance judicial convenience or economy.

The Court has also reviewed the state court docket for Petitioner's case to determine whether an appeal is pending in Petitioner's criminal case and whether Petitioner's habeas claims are exhausted. According to the publicly available on-line docket of the Wayne County Circuit Court, Petitioner's motion for relief from judgment was recently denied by the state court trial judge.[1] Neither the trial court docket nor the on-line docket for the Michigan Court of Appeals show the filing of any application for leave to appeal this denial with the Michigan Court of Appeals.

The claims raised in Petitioner's motion for relief from judgment are not exhausted until they are appealed through an entire round of the state's established appellate. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (Exhaustion requires the prisoner to give the state courts a full fair opportunity to resolve any federal constitutional issues "by invoking one complete round of the State's established appellate review process"). A Michigan prisoner must raise each issue he seeks to present in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan

---

[1]The Wayne County Circuit Court docket for petitioner's case is available at https://cmspublic.3rdcc.org/CaseDetail.aspx?CaseID=523489. The docket lists the filing of a order denying Petitioner's motion for relief from judgment on March 21, 2013.

*Stegall v. Rapelje, 12-12415*
*Order Denying Motion to Consolidate Dockets on Appeal*

Supreme Court to satisfy the exhaustion requirement. *See Wagner v. Smith*, 581 F.3d 410, 418-19

(6th Cir. 2009) (habeas claim unexhausted when not appealed through Michigan Supreme Court).

It is therefore premature to lift the stay in Petitioner's federal case.

       Accordingly,

       **IT IS ORDERED** that this Petitioner's "Motion to Consolidate Dockets on Appeal" [Dkt. 6]

is **DENIED**.

                  s/Arthur J. Taronw
                  ARTHUR J. TARNOW
                  Senior United States District Judge

Dated: September 20, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel
of record on September 20, 2013, by electronic and/or ordinary mail.

                  s/Catherine A. Pickles
                  Judicial Assistant