UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RALPH STEGALL,

    Petitioner,

v.

CASE NO. 2:12-CV-12415
HONORABLE ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE

SHANE JACKSON,

    Respondent.
_____/

# OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Ralph Stegall, ("petitioner"), confined at the Lakeland Correctional Facility in Coldwater, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for first-degree criminal sexual conduct, M.C.L.A. 750.520b; and felony-firearm, M.C.L.A. 750.227b. Respondent filed a motion to dismiss the petition on the ground that petitioner failed to comply with the statute of limitations contained in 28 U.S.C. § 2244(d)(1). For the reasons stated below, the petition for a writ of habeas corpus is **SUMMARILY DISMISSED**.

## I. Background

Petitioner was convicted following a jury trial in the Wayne County Circuit Court.

*Stegall v. Jackson,* No. 2:12-CV-12415

Petitioner filed a direct appeal with the Michigan Court of Appeals. The Michigan Court of Appeals affirmed petitioner's conviction on May 18, 2010. *People v. Stegall*, No. 290029 (Mich. App. May 18, 2010).

Petitioner did not file a timely application for leave to appeal with the Michigan Supreme Court. Letters attached to the original petition indicated that Petitioner's court-appointed appellate attorney missed the deadline for filing an application for leave to appeal. On August 26, 2011, petitioner attempted to file a *pro se* application for leave to appeal with the Michigan Supreme Court, but the Clerk of the Court deemed the papers untimely and returned them unfiled. [1]

On October 12, 2011, petitioner filed with a post-conviction motion for relief from judgment with the trial court. [2]

While the motion was pending in the trial court, petitioner filed a habeas petition with this Court, which was signed and dated May 30, 2012. This Court held the petition in abeyance to permit petitioner to finish exhausting his claims in the state courts on post-conviction review. *Stegall v. Rapelje*, No. 12-CV-12415, 2012 WL 4009174 (E.D. Mich. Sept. 12, 2012).

---

[1] See Affidavit from Larry Royster, Clerk of the Michigan Supreme Court. (Doc. # 20-14).

[2] See Wayne County Circuit Court, Register of Actions, Case No. 08-012105-01-FC, p. 3 (Doc. # 20-1).

2

*Stegall v. Jackson,* No. 2:12-CV-12415

The trial court denied petitioner's motion for relief from judgment. *People v. Stegall*, No. 08-012105-01-FC (Wayne Cty.Cir.Ct., Mar. 25, 2015). The Michigan appellate courts denied petitioner leave to appeal. *People v. Stegall,* No. 329479 (Mich.Ct.App. Mar. 24, 2016); *lv. den.* 500 Mich. 922, 888 N.W. 2d 70 (2016); *reconsideration den.* 500 Mich. 963, 892 N.W. 2d 355 (2017). ³

On May 22, 2017, petitioner filed an amended petition for writ of habeas corpus and a motion to lift the stay, which was signed and dated May 18, 2017. The Court granted the motions and the case was reopened.

## II. Discussion

Respondent filed a motion to dismiss the petition for writ of habeas corpus on the ground that the petition was not filed in compliance with the statute of limitations. In the statute of limitations context, "dismissal is appropriate only if a complaint clearly shows the claim is out of time." *Harris v. New York*, 186 F.3d 243, 250 (2d Cir.1999); *See also Cooey v. Strickland,* 479 F. 3d 412, 415-16 (6th Cir. 2007).

---

³ Respondent argues that the petition is also subject to dismissal because petitioner did not comply with the terms of the stay order in that he failed to return to this Court within sixty days of the Michigan Supreme Court denying petitioner leave to appeal on December 28, 2016. Respondent ignores that the Michigan Supreme Court denied petitioner's motion for reconsideration on May 4, 2017. Petitioner's motion to lift the stay was filed within sixty days of that date, thus, the current petition is not subject to dismissal on that basis.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one year statute of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court. The one year statute of limitation shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Although not jurisdictional, the AEDPA's one year limitations period "effectively bars relief absent a showing that the petition's untimeliness should be excused based on equitable tolling and actual innocence." *See Akrawi v. Booker,* 572 F. 3d 252, 260 (6th Cir. 2009)*.* A petition for writ of habeas corpus must be dismissed where it has not been filed within the one year statute of limitations. *See Holloway v. Jones,* 166 F. Supp. 2d 1185, 1187 (E.D. Mich. 2001).

4

*Stegall v. Jackson,* No. 2:12-CV-12415

The Michigan Court of Appeals affirmed petitioner's conviction on May 18, 2010.  Petitioner's application for leave to appeal was rejected as untimely by the Michigan Supreme Court.

If a habeas petitioner appeals to the Michigan Supreme Court, but does not petition the United States Supreme Court for a writ of certiorari, his or her judgment of conviction is finalized when the time for taking an appeal to the United States Supreme Court expires.  The one-year statute of limitations does not begin to run until the day after the petition for a writ of certiorari was due in the United States Supreme Court. See *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).  Under Rule 13 of the Supreme Court Rules, a petition for a writ of certiorari "is timely when it is filed with the Clerk of this Court within 90 days after entry of judgment." Sup.Ct. R. 13.

However, when, as in this case, a habeas petitioner only appeals his judgment of conviction to the Michigan Court of Appeals and fails to properly or timely file an application for leave to appeal to the Michigan Supreme Court, the additional ninety days for filing an appeal to the United States Supreme Court is not taken into account. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012)(clarifying that when a petitioner does "not appeal to the State's highest court, his judgment [becomes] final when his time for seeking review with the State's highest court expire[s]").

5

Petitioner had fifty-six days to file an appeal in the Michigan Supreme Court, the highest court in the State. M.C.R. 7.302(C).  The expiration of the fifty-six days represents the expiration of the time for seeking direct review of petitioner's judgment of conviction, therefore, the one-year statute of limitations began to run at that time. *Gonzalez*, 565 U.S. at 150.

Because petitioner did not file a timely application for leave to appeal to the Michigan Supreme Court, his conviction became final, for purposes of § 2244(d)(1)(A), on July 13, 2010, when the time for seeking leave to appeal with the Michigan Supreme Court expired. See *Brown v. McKee,* 232 F. Supp. 2d 761, 765 (E.D. Mich. 2002); *Erwin v. Elo,* 130 F. Supp. 2d 887, 889 (E.D. Mich. 2001). Petitioner had until July 13, 2011 to timely file his petition for writ of habeas corpus, unless the limitations period was somehow tolled.

Petitioner argues in his reply brief that a state created impediment prevented him from filing his habeas petition on time.  Petitioner claims in his original and amended petitions that his appellate attorney, Douglas Baker of the State Appellate Defender Office, had promised to file an application for leave to appeal to the Michigan Supreme Court on petitioner's behalf, but failed to do so. [4]

---

[4]  See Letter from Douglas W. Baker, dated May 20, 2010, attached to the original petition for writ of habeas corpus.

When a federal habeas petitioner relies on § 2244(d)(1)(B), which delays the running of the AEDPA's one year statute of limitations when an impediment resulting from unlawful state action has prevented a habeas petitioner from timely filing his or her habeas petition, the petitioner must allege or show facts which demonstrate that he or she "was so inhibited by the state's action that he [or she] was unable to file and state a cause of action before the limitation period expired." *Redmond v. Jackson*, 295 F. Supp. 2d 767, 772 (E.D. Mich. 2003) (quoting *Neuendorf v. Graves*, 110 F. Supp. 2d 1144, 1153 (N.D. Iowa 2000)). "The 'plain language' of § 2244(d)(1)(B) 'makes clear that whatever constitutes an impediment must *prevent* a prisoner from filing his petition.'" *Id.* (quoting *Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002)(emphasis in original)).

Appellate counsel's failure to file a timely application for leave to appeal to the Michigan Supreme Court would not amount to unlawful state action that would delay the commencement of the one year limitations period pursuant to § 2244(d)(1)(B). A criminal defendant does not have a constitutional right to counsel to pursue discretionary state appeals. *Wainwright v. Torna*, 455 U.S. 586, 587 (1982). "The right to appointed counsel extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Because there is no constitutional right to the effective assistance of counsel on a discretionary appeal, petitioner cannot claim that counsel was ineffective for

7

*Stegall v. Jackson,* No. 2:12-CV-12415

failing to file the application for leave to appeal with the Michigan Supreme Court. *Wainwright v. Torna*, 455 U.S. at 587-588; *Harris v. Stegall,* 157 F. Supp. 2d 743, 750 (E.D. Mich. 2001). Petitioner did not have a constitutional right to the effective assistance of counsel in pursuing a discretionary appeal with the Michigan Supreme Court, thus, his appellate counsel's failure to file an application for leave to appeal with the Michigan Supreme Court would not amount to an unconstitutional impediment within the meaning of § 2244(d)(1)(B) that would delay the start of the one year limitations period. *See e.g. Kerchee v. Jones*, 428 F. App'x. 851, 859 (10th Cir. 2011).

Moreover, even if appellate counsel's failure to file a timely application for leave to appeal to the Michigan Supreme Court delayed the start of the limitations period pursuant to § 2244(d)(1)(B), the petition is still untimely. Mr. Baker sent a letter to petitioner dated July 29, 2010, in which he indicated that he had met with petitioner in prison that prior Monday to inform petitioner that he had missed the deadline for filing an application for leave to appeal to the Michigan Supreme Court. [5] Petitioner knew at this point that no application for leave to appeal would be filed on his behalf with the Michigan Supreme Court, yet he waited more than one year from this date to attempt to file such an application in the Michigan

---

[5] See Letter from Douglas W. Baker, dated July 29, 2010, attached to the original petition for writ of habeas corpus.

*Stegall v. Jackson,* No. 2:12-CV-12415

Supreme Court or to initiate state or federal post-conviction proceedings. "Section 2244(d)(1)(B) requires a causal relationship between the unconstitutional state action and being prevented from filing the petition." *Winkfield v. Bagley*, 66 F. App'x. 578, 583 (6th Cir. 2003)(quoting *Dunker v. Bissonnette*, 154 F. Supp. 2d 95, 105 (D. Mass. 2001)). Even if petitioner could invoke 2244(d)(1)(B) to delay the commencement of the one year limitations period, that impediment would have been removed no later than July 29, 2010, when petitioner was informed by appellate counsel that the time period for filing an application for leave to appeal with the Michigan Supreme Court had expired. Petitioner has offered no explanation why he waited more than one year from this date to initiate any type of legal action in his case.

Petitioner filed a post-conviction motion for relief from judgment on October 12, 2011, after the one year limitations period had already expired. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period pursuant to 28 U.S.C. § 2244(d)(2) because there is no period remaining to be tolled. *See Jurado v. Burt*, 337 F. 3d 638, 641 (6th Cir. 2003); *see also Hargrove v. Brigano*, 300 F. 3d 717, 718, n. 1 (6th Cir. 2002). The current petition is untimely.

The AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). However, "the

*Stegall v. Jackson,* No. 2:12-CV-12415

doctrine of equitable tolling is used sparingly by federal courts." *See Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). The burden is on a habeas petitioner to show that he or she is entitled to the equitable tolling of the one year limitations period. *Id.*

Petitioner's claim that his appellate counsel failed to file an application for leave to appeal to the Michigan Supreme Court would not toll the one year limitations period. Petitioner did not have a constitutional right to the effective assistance of counsel in pursuing a discretionary appeal with the Michigan Supreme Court, thus, his appellate counsel's failure to file an application for leave to appeal with the Michigan Supreme Court would not equitably toll the limitations period. *See e.g. Kerchee v. Jones*, 428 F. App'x. at 859.

Petitioner further argues in his reply brief that claims are meritorious. The AEDPA's statute of limitations must be complied with by a habeas petitioner before a federal court can address the merits of the habeas petition itself. *See Sweger v. Chesney,* 294 F. 3d 506, 518-19 (3rd Cir. 2002). A merits decision is unnecessary where a district court denies a habeas petition on statute of limitations grounds. *See Bachman v. Bagley,* 487 F.3d 979, 982 (6th Cir. 2007). Because petitioner's habeas application is untimely, the Court would not err in declining to address the merits of petitioner's substantive claims.

*Stegall v. Jackson,* No. 2:12-CV-12415

The one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schup v. Delo,* 513 U.S. 298 (1995). *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). The Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare[.]" *Id.* "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup*, 513 U.S., at 329). Moreover, in determining whether petitioner makes out a compelling case of actual innocence, so as to toll the AEDPA's limitations period, "'the timing of the [petition]' is a factor bearing on the 'reliability of th[e] evidence' purporting to show actual innocence." *Id.* (quoting *Schlup,* 513 U.S. at 332). For an actual innocence exception to be credible under *Schlup*, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner's case falls outside of the actual innocence tolling exception, because petitioner has presented no new, reliable evidence to establish that he was actually innocent of the crime charged. *See Ross v. Berghuis,* 417 F. 3d 552, 556 (6th Cir. 2005); *Holloway,* 166 F. Supp. 2d at 1191.

11

*Stegall v. Jackson,* No. 2:12-CV-12415

## III. Conclusion

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings, which was amended as of December 1, 2009, requires that a district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant.... If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11, Rules Governing Section 2254 Proceedings.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R.App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)(internal quotes and citations omitted).

*Stegall v. Jackson,* No. 2:12-CV-12415

Having considered the matter, jurists of reason would not find the procedural ruling that the habeas petition is untimely and cannot be saved by statutory or equitable tolling debatable.  Accordingly, the Court declines to issue petitioner a certificate of appealability

Although this Court will deny a certificate of appealability to petitioner, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002).  Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right, a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a).  "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765.  Although jurists of reason would not debate this Court's resolution of the habeas petition, the issues are not frivolous; therefore, an appeal could be taken in good faith and petitioner may proceed *in forma pauperis* on appeal. *Id.*

*Stegall v. Jackson,* No. 2:12-CV-12415

## IV. ORDER

**IT IS ORDERED** that Respondent's Motion To Dismiss (Doc. # 19) is **GRANTED** and the matter is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner shall be **GRANTED** leave to appeal *in forma pauperis.*

S/Arthur J. Tarnow<br>
Arthur J. Tarnow<br>
Senior United States District Judge

Dated: November 30, 2017

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on November 30, 2017, by electronic and/or ordinary mail.

S/Catherine A. Pickles<br>
Judicial Assistant